[763 NYS2d 94]

In the Matter of ROBERT L. KNIGHT (Admitted as ROBERT LIONEL KNIGHT), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 11, 2003

APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Nancy A. Bolger* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated April 2, 2002, containing eight charges of professional misconduct. After a preliminary hearing on June 7, 2002, and a hearing on July 16, 2002, and July 17, 2002, the Special Referee sustained all eight charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

The eight charges of professional misconduct emanate from a common set of facts.

In or about August 1999 Charles Simmons and Diana Simmons retained the respondent for divorce mediation. In or about October 1999 the parties executed an agreement to be filed in court to obtain a final divorce. The respondent failed to respond to repeated phone inquiries made to his office by the Simmonses and failed to complete the legal matters for which he was retained and paid.

Charles Simmons retained Abby Shapiro to complete the legal matter. The respondent failed to respond to telephone inquiries from Ms. Shapiro. The respondent's failure to communicate resulted in the preparation and filing of new papers in the Simmons matter.

In or about August 1999 John Gariti and Diane Gariti retained the respondent for mediation services, a separation agreement, and the preparation and filing of a deed to their new home, pursuant to the separation agreement. The Garitis paid the respondent in full.

In or about June 2001, the Garitis reconciled and contacted the respondent regarding annulment of their separation agreement. The respondent never filed the deed to the Garitis' new house.

By letter dated June 30, 2001, the respondent notified the Garitis that, although he had not filed the new deed for which they paid $160 and $90 in disbursements, it would cost them $410 to change the deed. The respondent offered to refund the

$90 for disbursements. The respondent failed to respond to repeated telephone inquires from the Garitis during June and July 2001. By fax dated August 3, 2001, John Gariti expressed a desire to speak with the respondent about a refund. The respondent left a message for the Garitis that he would mail the deed and two refund checks. The respondent failed to honor that commitment and failed to respond to a letter from Diane Gariti, dated August 30, 2001, or to subsequent telephone calls.

The respondent returned the requested items in October 2001 after the Garitis filed a complaint with the Grievance Committee.

In or about September 1997, Robin Rovello retained the respondent with respect to a divorce. The respondent received final payment of legal fees from Ms. Rovello in the amounts of $615 for a divorce fee and $308 for disbursements.

The respondent ignored requests by Ms. Rovello regarding the status of the matter. In or about December 2000, the respondent advised Ms. Rovello that the papers were never filed and that additional signatures would be needed. Ms. Rovello and her husband signed the additional documents. The respondent ignored repeated telephone inquiries from Ms. Rovello after December 2000. The papers which the respondent filed in May 2001 were returned due to errors. Ms. Rovello retained Michael D. Angiulo to resolve her problem with the respondent. By letter to the respondent dated August 28, 2001, Mr. Angiulo requested the necessary paperwork within 30 days, at the risk of Ms. Rovello filing a grievance against him. The respondent failed to reply to the letter. In response to a telephone message in September 2001, the respondent agreed to return the Rovello file and to provide a full refund of the $923 retainer. Upon the respondent's failure to comply, a complaint was filed with the Grievance Committee.

By letter dated October 23, 2001, the respondent indicated that he had filed the papers and that the fee paid by Ms. Rovello included $308 of expended disbursements, and a legal fee of $615.

The respondent replied to a written complaint by the Simmonses dated April 8, 2001, which advised that although the parties' uncontested divorce papers were filed in late 1999, they were returned due to errors and had to be redrafted and reexecuted in 2000. The respondent represented that the matter would be finalized in two to three weeks. The respondent failed to reply to the Grievance Committee's July 19, 2001, letter requesting a status update or to numerous telephone

inquiries. The respondent failed to appear for a scheduled examination under oath on September 20, 2001. When he telephoned the Grievance Committee's office on that date complaining of a headache, the deposition was rescheduled for September 24, 2001. The respondent received a further adjournment to September 28 and unsuccessfully attempted to cancel that deposition by claiming that he would finish the divorce. The respondent appeared for the deposition on September 28 without his legal file. It was agreed that the respondent would submit an index number in the Simmons matter by October 1, 2001, and provide additional information in the form of a written response. Although, the respondent failed to adhere to the terms of that agreement, he ultimately submitted a written response.

Charge One alleges that the respondent neglected a legal matter entrusted to him by his clients, Charles and Diana Simmons, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Two alleges that the respondent failed to cooperate with substitute counsel, Abby Shapiro, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), with respect to the Simmons matter.

Charge Three alleges that the respondent engaged in conduct which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), with respect to the Simmons matter.

Charge Four alleges that the respondent neglected a legal matter entrusted to him by clients John and Diane Gariti, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Five alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), with respect to the Gariti matter.

Charge Six alleges that the respondent neglected a legal matter entrusted to him by client Robin Rovello, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Seven alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), with respect to the Rovello matter.

Charge Eight alleges that the respondent failed to timely cooperate with the Grievance Committee in its investigation of

the complaint filed against him by the Simmonses, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all eight charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent offers no mitigation other than a claim in his October 19, 2001, letter to Grievance counsel that in June 2000, he was suffering from a difficult combination of exhaustion due to a 13-year lyme disease condition, an absence of reliable office help, and real difficulties in his own marital relationship. The respondent's disciplinary history consists of a letter of caution dated November 14, 1997, directing him to ensure that he provide matrimonial clients a statement of rights and to refrain from sending clients correspondence designed to induce them to withdraw complaints against him. By letter dated May 19, 2000, the respondent was cautioned to ensure that he supervise bank accounts, familiarize himself with the balance in each account prior to issuing checks, and promptly answer complaints filed against him. By letter dated January 3, 2001, the respondent was admonished for neglecting matrimonial matters, failing to cooperate with the Grievance Committee, failing to promptly turn over a legal file to substitute counsel, and engaging in a conflict of interest by serving as mediator for both parties in a matrimonial matter and then filing the final divorce documents as attorney for plaintiff, without even disclosing his service as mediator.

Although the respondent gave refunds to each of the clients involved in this proceeding, he did so after he was already the subject of the Grievance Committee's inquiry and, in some cases, on the eve of the disciplinary hearing. Under the totality of circumstances, the respondent is suspended from the practice of law for two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert L. Knight, is suspended from the practice of law for a period of two years, commencing September 11, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstate-

ment no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during the said period (a) he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert L. Knight, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.