[54 NYS3d 423]

In the Matter of ANDREW Y. LIN (Admitted as ANDREW YOUNG-SON LIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 10, 2017

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter petitioner) served the respondent with a petition dated March 14, 2016, containing five charges of professional misconduct. After a hearing conducted on September 21, 2016, the Special Referee, in a report dated November 14, 2016, sustained all charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. Although served with a copy of the petitioner's motion, the respondent has neither submitted any papers in response nor requested additional time in which to do so.

Charge one alleges that the respondent failed to timely cooperate with the petitioner in the investigation of three complaints of professional misconduct in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

The first complaint was filed by Kan Tak Lew in May 2014 (hereinafter Lew complaint). By letter dated May 23, 2014, the petitioner advised the respondent of the Lew complaint, and requested the respondent to provide his written answer within 10 days. He failed to do so. By letter dated June 19, 2014, sent to the respondent via certified mail, the petitioner requested a response from the respondent by July 2, 2014. After the respondent failed to respond, counsel to the petitioner left voice-

mail messages for the respondent on July 30, 2014, and August 26, 2014, seeking his answer to the Lew complaint. No response was forthcoming. A third letter was sent by the petitioner on October 15, 2014, by certified mail to the respondent's office and home addresses. Therein, the respondent was directed to submit an answer to the Lew complaint by November 3, 2014. He failed to do so.

The second complaint stems from a dishonored check notice received by the petitioner from the Lawyers' Fund for Client Protection. By letter dated October 15, 2014, the petitioner advised the respondent of the dishonored check complaint, and directed him to produce certain bank records for his escrow account, along with his answer, within 10 days. No response was received from the respondent.

Also by letter dated October 15, 2014, the petitioner advised the respondent that a third complaint had been opened based upon his failure to re-register as an attorney with the Office of Court Administration. Therein, the respondent was directed to submit a written answer within 10 days, and provide proof of his re-registration within 45 days. No response was received from the respondent.

The petitioner's investigator hand delivered a letter dated November 18, 2014, to the respondent directing him to appear at the petitioner's office on December 5, 2014, for an examination under oath. The respondent failed to appear on December 5, 2014, as directed. Staff counsel to the petitioner left voicemail messages, on both the respondent's office and cell phones, which requested him to return the calls forthwith.

On Monday, December 8, 2014, the respondent telephoned staff counsel, and claimed that he "got the date mixed up." He promised to provide his answers and the bank records by December 12, 2014, and to appear for an examination under oath on December 22, 2014. The respondent submitted an answer addressing all three complaints on December 15, 2014, but did not provide his bank records. He appeared on December 22, 2014, for his examination under oath.

Charge two alleges that respondent neglected a legal matter in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

The respondent was retained in October 2013 by Kan Tak Lew to probate his mother's will. The respondent was paid $1,500 towards his fee and the court filing fees. On or about

January 15, 2014, the respondent filed a petition for probate and letters testamentary in the Surrogate's Court, Queens County, in the Lew matter. He thereafter failed to take any further action, and was discharged by Lew in or about July 2014.

Lew, appearing pro se, filed documents with the Surrogate's Court to probate the will. On August 22, 2104, the court issued a decree granting probate in the Lew matter.

Charge three alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

The respondent maintained an attorney escrow account at JPMorgan Chase Bank, account number ending 3065, entitled "IOLA-Law Office of Andrew Y. Lin" (hereinafter escrow account). On or about August 13, 2014, the respondent, as attorney for a seller (Passaro), received a contract down payment in the sum of $72,500, which was deposited into his escrow account by electronic transfer. On August 13, 2014, the respondent issued four checks disbursing the entire $72,500 on deposit for the Passaro transaction. Three of the checks cleared without incident. However, before the fourth check (No. 1129) was presented for payment, the respondent transferred $400 on August 19, 2014, from the escrow account to his business account. The following day, when check No. 1129 in the sum of $475 was presented, it was dishonored, as the balance in the respondent's escrow account was $175.41.

Charge four alleges that respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

The respondent failed to maintain a ledger book or similar record for his escrow account showing: the source of all such funds therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

Charge five alleges that the respondent failed to maintain his attorney registration for two registration periods (2014-2015 and 2016-2017) in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly

sustained all charges. Accordingly, the petitioner's motion to confirm the findings of the Special Referee is granted.

In determining an appropriate sanction to impose, the Court has considered in mitigation the medical issues experienced by the respondent and his son, as well as his family's financial difficulties, which occurred, in part, during the time of the underlying events, the pro bono services he rendered, and the evidence of his good character. We note that the respondent's prior disciplinary record is a factor in aggravation, as he was previously admonished for similar misconduct, including a lack of diligence to client matters, a failure to cooperate with grievance investigations, and a failure to maintain his attorney registration.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of 18 months.

Eng, P.J., Mastro, Rivera, Dillon and Sgroi, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, is suspended from the practice of law for a period of 18 months, commencing June 9, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 11, 2018. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that, during the period of suspension and until further order of this Court, the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, shall desist and refrain from (1) practicing law in any form, ei-

ther as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).