Matter of Lin (2021 NY Slip Op 04136)





Matter of Lin


2021 NY Slip Op 04136


Decided on June 30, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2019-04852 

[*1]In the Matter of Andrew Y. Lin, admitted as Andrew Youngson Lin, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Andrew Y. Lin, respondent. (Attorney Registration No. 2811859.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 12, 2000, under the name Andrew Youngson Lin. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition dated April 26, 2019, and a verified petition dated April 24, 2019, and the respondent served and filed an answer dated June 14, 2019. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated June 26, 2019, which was not challenged by the respondent. By decision and order on application dated July 31, 2019, the matter was referred to the Honorable David I. Ferber, as Special Referee, to hear and report.



By opinion and order of this Court dated May 10, 2017, in a prior separate disciplinary proceeding commenced under Appellate Division Docket No. 2016-02861, the respondent was suspended from the practice of law for a period of 18 months, commencing June 9, 2017 (Matter of Lin, 151 AD3d 21).
Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated April 24, 2019, containing three charges of professional misconduct. After a pretrial hearing on September 9, 2019, and a hearing on December 9, 2019, the Special Referee, in a report dated February 28, 2020, sustained all charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. Although served with a copy of the petitioner's motion, the respondent has neither submitted any papers in response nor requested additional time in which to do so.
Charge one alleges that the respondent neglected a legal matter, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On or about June 1, 2016, Guo Gan Gao (hereinafter Gao) retained the respondent to recover $90,000 from a former business partner, executing a retainer agreement with the respondent and paying him a legal fee of $5,000 for the initial litigation. On or about July 12, 2016, [*2]Gao paid the respondent an additional $750 for filing fees and other expenses. The respondent failed to perform any legal services for Gao. On or about December 11, 2017, Gao discharged the respondent and demanded a refund of all unearned legal fees. The respondent failed to refund any legal fees to Gao, or to contact him in any manner.
Charge two alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent failed to maintain his attorney registration for three registration periods: 2014-2015, 2016-2017, and 2018-2019.
Charge three alleges that the respondent failed to cooperate with the petitioner in connection with its investigation into allegations of professional misconduct against him, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
By letter dated February 22, 2018, sent via regular first-class mail to the respondent's home address, the petitioner informed the respondent that it had commenced a sua sponte investigation based upon his failure to re-register as an attorney. The letter requested the respondent to submit an answer to the petitioner explaining his failure to re-register within 10 days, and to submit proof of his compliance with the registration requirements within 45 days. The letter further advised that an "unexcused failure to cooperate" constitutes professional misconduct and would be treated accordingly, and that the biennial registration requirements apply to all attorneys, even those suspended. The respondent failed to respond to the petitioner's requests. By letter dated April 13, 2018, sent via regular first-class mail and certified mail to the respondent's home address, the petitioner repeated the requests made in its February 22, 2018 letter. Nevertheless, the respondent failed to respond to the petitioner in any manner.
In a letter dated March 1, 2018, sent by regular first-class mail to the respondent's office address, the petitioner advised the respondent of the Gao complaint, and requested the respondent to provide his written answer within 10 days. The letter further advised the respondent of his obligation to cooperate with the petitioner, despite being suspended from the practice of law, and that an unexcused failure to reply to the complaint constituted professional misconduct independent of the merits of the complaint, and would be treated accordingly. The respondent failed to submit an answer to the Gao complaint, or to contact the petitioner in any manner. On April 13, 2018, the petitioner sent a second letter by regular first-class mail and certified mail, to the respondent's home address. Therein, the respondent was directed to submit an answer to the Gao complaint by April 30, 2018. He failed to do so.
After the respondent failed to respond, counsel to the petitioner sent an email to the respondent on July 25, 2018, asking him to call to discuss the two ongoing investigations against him (the sua sponte failure to re-register and the Gao complaint). No response was received. By letter dated August 24, 2018, sent by regular first-class mail and certified mail to the respondent's home address, the petitioner directed the respondent to submit an answer to the Gao complaint, an answer to the petitioner's sua sponte investigation, and a separate written explanation for his failure to cooperate with the petitioner. The respondent failed to submit the items requested, and failed to contact the petitioner in any manner. Another letter dated October 5, 2018, was sent by regular first-class mail to the respondent's home address, requesting the same items as in the August 24, 2018 letter, to be provided on or before October 22, 2018. No response was received.
By email dated January 24, 2019, and a letter dated January 28, 2019, sent via regular first-class mail and certified mail to the respondent's home address, counsel to the petitioner directed the respondent to call to discuss the pending matters upon his receipt of the correspondence.
On February 26, 2019, the respondent left a voice mail for counsel to the petitioner, stating that he would call back the following day, which he failed to do. Counsel to the petitioner unsuccessfully attempted to reach the respondent by phone, and he thereafter sent the respondent an email on March 1, 2019, urging the respondent to call him. The respondent failed to do so.
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained all three charges. Accordingly, the petitioner's motion to confirm the findings of the Special Referee is granted.
In determining an appropriate sanction to impose, the Court has considered the mitigation presented at the hearing of the respondent's family circumstances, which caused him to reside outside the marital home during some of the time the petitioner sent letters to him at that address. The Court also notes that the respondent provided proof that he reimbursed the Lawyers' [*3]Fund for Client Protection in the amount of $5,750, which it paid to Gao in relation to the Gao complaint. However, the Court finds the respondent's prolonged and repetitive pattern of neglecting client matters, failing to cooperate with the petitioner, and failing to maintain his attorney registration for five biennial periods to constitute a significant aggravating factor. We note that the respondent remains suspended pursuant to an 18-month suspension that commenced on June 9, 2017, for misconduct similar to that at issue here, and further, the respondent was previously admonished for, inter alia, a lack of diligence to client matters, a failure to cooperate with grievance investigations, and a failure to maintain his attorney registration.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Knight, 308 AD2d 189).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 30, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that, during the period of suspension and until further order of this Court, the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Andrew Y. Lin, admitted as Andrew Youngson Lin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court